OPINION
{¶ 1} The defendant-appellant, Eric John Topp ("Eric"), appeals the November 9, 2005, Judgment of conviction and sentence entered in the Court of Common Pleas, Auglaize County, Ohio.
 {¶ 2} On October 19, 2004, Kathy Topp, Eric's mother, went to the Minster Village Police Department regarding her prior complaint regarding her son's unprivileged authorization in writing checks from her checking account with U.S. Bank. Kathy Topp indicated that in September of 2004, Eric had written two checks and made several charges on her check card during her recent hospitalization at Joint Township District Memorial Hospital in St. Marys, Ohio. Specifically, Kathy Topp indicated that two checks, No. 121 and No. 124 were signed by her when in fact she had not signed those checks. She stated that the handwriting of herself and her son were very similar. Check No. 121 was payable to Eric Topp in the amount of $100.00 and check No. 124 was payable to Wagner IGA for $20.00. Furthermore, during her conversation with the police she disclosed that Eric was currently on post release control after serving an eleven month prison sentence in Shelby County for forgeries in which she had also been the victim.
 {¶ 3} In addition to the allegations by Kathy Topp, representatives of Minster Bank had contacted Minster Police Department on October 8, 2004 regarding counterfeit checks deposited by Eric. Through the investigation at Minster Bank, a counterfeit check was disclosed to have been drawn on a bank account of the Transport Worker's Union in New York for $48,065.88. Upon depositing the check, Eric had opened a checking account with $20,000.00; a savings account with $27,776.88; and taken $300.00 in cash. Subsequently, he had written checks from the checking account totaling approximately $2,500.00. A few days later, Eric presented another check at Minster Bank for deposit, but prior to depositing the check the bank officials checked the validity of the check and flagged it as counterfeit and did not accept it for deposit.
 {¶ 4} Over the next several months, further investigation into the counterfeit checks continued. During this time, Eric absconded supervision while on post release control from his Shelby County forgery conviction by changing his address and moving to an undisclosed location without the prior knowledge or approval of his parole officer. Eric was then located by Shelby County authorities and taken into custody for absconding post release control supervision. Pursuant to his post release control supervision violation, Eric was indicted with and plead guilty to felony escape charges resulting in a six month prison sanction with an out of prison release date of October 5, 2005.
 {¶ 5} On January 28, 2005, Eric was indicted by the Auglaize County Grand Jury on six felony counts. Count I and II of the indictment were forgery charges involving the forgery of the two checks of Kathy Topp, a violation of R.C. 2913.31(A)(3), felonies of the fifth degree. Count III and IV involved the uttering of two counterfeit checks at Minster Bank, a violation of R.C.2913.31(A)(3), felonies of the fifth degree. Count V involved the alleged felony theft of $2,500.00 from checks drawn on the fraudulent funds on deposit in Eric's checking account at Minster Bank, a violation of R.C. 2913.02(A)(3). Count VI charged Eric with attempted theft, in violation of R.C.2923.02(A)/2913.02(A)(3) regarding Eric's attempt to deposit a second counterfeit check with a face amount in excess of $5,000.00 at Minster Bank.
 {¶ 6} On September 1, 2005, Eric had his initial appearance before the Auglaize County Common Pleas Court while serving his sentence in Shelby County at Noble Correctional Institution for absconding post release control supervision. On September 8, 2005, Eric pled not guilty to each of the six felony counts in his indictment. The trial court continued its order that Eric remain locally incarcerated in the Auglaize County Correctional Center until it had clarification as to whether or not Eric had been on post release control supervision at the time of the alleged commission of the felonies contained in his Auglaize County indictment of January 28, 2005. In addition, the trial court acknowledged that Eric had approximately four weeks of prison time remaining on his felony escape charges. Therefore, the trial court deferred setting bond until after Eric's prison time had expired.
 {¶ 7} On October 3, 2005, the trial court having been advised that Eric had allegedly committed the felony forgery and theft offenses while on post release control supervision, admonished Eric that in addition to any prison terms he may be facing if convicted of one or more of the pending felony charges he could additionally be required to serve up to an additional one year of prison for having committed such new felonies while on post release control supervision.
 {¶ 8} On November 4, 2005, Eric appeared before the trial court for a change of plea hearing pursuant to a plea negotiation wherein he agreed to plead guilty to only the first two felony counts of the indictment involving his mother's checks, while the State agreed to dismiss all four remaining felony counts involving Minster Bank and the alleged counterfeit checks. Furthermore, he agreed to pay $120.00 in restitution to his mother's bank for the two forged checks and $2,500.00 to Minster Bank for the checks he had drawn on the funds placed into the checking account at the time of the initial deposit of the counterfeit checks.
 {¶ 9} The trial court accepted Eric's guilty plea and proceeded to impose a sentence. During the sentencing, Eric discussed in detail why he had forged the two checks on his mother's account and expressed deep remorse for his actions. Eric stated that the term he was currently serving in Shelby County was in lieu of imposing any post release control sanctions but that now he was facing an additional year for violating the same post release control supervision; thus, he suggested that the trial court impose no more than the remaining one month and twenty days left on his time of supervision. The State urged the trial court to impose the maximum one year sentences on each of the two felony counts and to run each count consecutive to each other. In addition, the State requested that the trial court impose the maximum possible post release control sanction of an additional twelve months to be served consecutively with the other felony prison sentences.
 {¶ 10} The trial court then went through a colloquy with Eric considering the reasons through findings that appeared in the record and other factors for sentencing and sentenced Eric to the maximum twelve month terms of imprisonment for each forgery count. The trial court then proceeded to impose the maximum sanction of twelve additional months of imprisonment for having been convicted of committing felony forgeries while being on post release control supervision. The sentences were ordered to be served consecutively. Therefore, in sum, Eric was sentenced to a maximum of three years in prison.
 {¶ 11} On November 9, 2005, the trial court filed its Journal Entry — Orders on Finding of Guilt and Sentencing. On December 9, 2005, Eric filed a notice of appeal raising the following assignments of error:
 Assignment of Error 1 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TOPROPERLY FOLLOW THE SENTENCING CRITERIA SET FORTH IN OHIO REVISEDCODE, SECTION 2929.14 RESULTING IN THE DEFENDANT-APPELLANTRECEIVING A SENTENCE WHICH IS CONTRARY TO LAW
 Assignment of Error 2 THE TRIAL COURT'S ORDERING THAT THE SENTENCES OFDEFENDANT-APPELLANT ARE TO BE SERVED CONSECUTIVELY TO EACH OTHERWAS UNSUPPORTED BY THE RECORD AND WAS CONTRARY TO LAW
 {¶ 12} Eric's assignments of error shall be addressed together because both assignments of error pose issues concerning his felony sentencing. He alleges in his first assignment of error that the trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in R.C. 2929.14 resulting in Eric receiving a sentence which is contrary to law. Eric claims in his second assignment of error that the trial court erred when it ordered consecutive sentences because its order was unsupported by the record and was contrary to law.
 {¶ 13} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006 Ohio 856. InFoster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender and R.C. 2929.14(E)(4) requiring judicial findings for consecutive terms. Foster, 2006 Ohio 856, at ¶ 97, 103. Pursuant to the ruling in Foster, Eric's assignments of error are sustained. Therefore, Eric's sentence is vacated and the case is remanded for further proceedings.
Judgment Vacated and Cause Remanded.
 Bryant, P.J. and Cupp, J., concur.